UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL GORDILLO,

                      Plaintiff,

      -against-

THE CITY OF NEW YORK AND POLICE OFFICER
CHRISTOPHER BRINKLEY (SHIELD NO. 8168),

                      Defendants.
------------------------------------------------------------------X

**Civil Action No.**

**COMPLAINT**

Plaintiff MICHAEL GORDILLO by his attorney, the Law Office of Jeff Henle, P.C., hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights, and alleges the following:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, MICHAEL GORDILLO, seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28

U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF NEW YORK (hereafter "City") is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. At all times relevant to this action, Plaintiff, MICHAEL GORDILLO is a resident of Bronx County, New York.

7. Defendant City is and was at all times relevant herein a municipal entity created and authorized under the law of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance and the employment of police officers, detectives, sergeants, lieutenants and other personnel. Defendant City, was at all times relevant to the events herein, the employer of Police Officer Christopher Brinkley.

## NOTICE OF CLAIM

8. Pursuant to General Municipal Law § 50, Plaintiff timely filed a notice of claim with the Comptroller of the City of New York setting forth the facts underlying the

Plaintiff's claim against City.

9. More than thirty days have elapsed since said notices, and the City has failed to pay or adjust the claims.

10. The City conducted its 50-h examination of plaintiff on December 27, 2016.

11. This action has been commenced within one year and ninety days of all incidents relevant to this litigation.

## FACTUAL ALLEGATIONS
## ARREST & PROSECUTION

12. On or about January 7, 2016, at approximately 9:30 P.M., Michael Gordillo was a passenger in a "zip car" being driven by Armando Richards.

13. Police Officer Christopher Brinkley and other police officers, acting in concert and without cause, caused the zip car to be pulled over. Michael Gordillo and Armando Richards were arrested on a public street: the southeast corner of Pitt Street and East Houston Street in New York, New York.

14. Gordillo and Richards were transferred to the Seventh Precinct for processing.

15. After processing, Gordillo was transported from the Seventh Precinct to Central Booking in New York County Criminal Court located at 100 Centre Street, New York, New York 10013.

16. On January 8, 2016, Gordillo was arraigned on Penal law §220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree), Penal law §221.15 (Criminal Possession Marijuana in the Fourth Degree) and Penal law §221.10[2] (Criminal Possession of Marijuana in the Fifth Degree) charges. The matter was assigned Docket No. 2016NY002857. Gordillo remained in the custody of the New York City Police Department or New York City Department of Corrections for some thirty hours.

There was no probable cause to arrest, detain or prosecute Michael Gordillo.

17. Gordillo was required to appear in court on March 3, 2016, April 26, 2016 and June 23, 2016. On June 23, 2015, the New York City Criminal Court (New York County) dismissed the criminal charges brought against Gordillo. The records of Gonzalez's arrest, arraignment and prosecution were sealed pursuant to Criminal Procedure Law §160.50. The certificate of disposition number is: 104839.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: DEPRIVATION OF RIGHTS UNDER THE FOURTH & FOURTEENTH AMENDMENT OF THE CONSITUTION AS WELL AS 42 U.S.C. § 1983

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17 of this complaint as though fully set forth herein.

19. The conduct of the defendants, as described herein, amounted to false arrest, malicious abuse of process, unreasonable detention, abuse of authority, a pattern of harassment, denial of due process rights and malicious prosecution.

20. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

21. As a direct consequence of the defendants' actions, plaintiff was subjected to the deprivation of his liberty, humiliation, emotional distress and was otherwise damaged and injured.

22. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. Defendant City, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers and law enforcement personnel.

25. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and law enforcement personnel. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

26. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, and the right to due process.

27. By these actions, defendants have deprived plaintiff of his rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION: CONSPIRACY

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in

paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Defendants under the color of law conspired to deprive Michael Gordillo of his constitutional rights to be free of unlawful arrest, false imprisonment and malicious prosecution.

30. Defendants were cognizant of the fact that they could not establish reasonable cause that Michael Gordillo was guilty of the crimes of which he was accused. Nonetheless, defendants conspired to ensure that Michael Gordillo was arrested, imprisoned and prosecuted before the charges were ultimately dismissed without ever having been tried before a judge or jury.

## FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Defendants' decision to arrest, imprison and prosecute Michael Gordillo in this matter were extreme, outrageous and intolerable in a civilized society.

33. The defendants' conduct was intended to and did in fact cause emotional distress to Michael Gordillo.

34. As a result of the foregoing, the plaintiff was deprived of his liberty, subjected to emotional pain and suffering, and otherwise damaged and injured.

## FIFTH CAUSE OF ACTION: RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The conduct of Police Officer Christopher Brinkley occurred while he was in the course of his employment a NYPD Police officer. As a result, defendant City, is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages against all defendants in an amount to be determined by a jury;

b. Punitive damages against all defendants in an amount to be determined by a jury;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs, interest and attorney's fees;

e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 30, 2017

Law Office of Jeff Henle, P.C.

By: Jeff Henle
Attorney for Plaintiff
708 Third Avenue, Fifth Floor
New York, NY 10017
Tel. No.: (212) 209-1034
Fax No.: (646) 349-2174
Email: jhenle@jeffhenlelaw.com